**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **RONNIE T. BAKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 3:18-cv-00219** |
| | ) | **CHIEF JUDGE CRENSHAW** |
| **DAVIDSON COUNTY SHERIFF'S** | ) | |
| **OFFICE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

Ronnie T. Baker, an inmate currently confined at the Davidson County Sheriff's Office in Nashville, Tennessee, filed this *pro se* civil rights complaint under 42 U.S.C. § 1983 against the Davidson County Sheriff's Office, Ruby Joyner, and Beth Gentry. Plaintiff has also filed an application to proceed *in forma pauperis* (Doc. No. 2) and a motion to appoint counsel (Doc. No. 4).

## I.     Application to Proceed as a Pauper

A prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears from Plaintiff's *in forma pauperis* application that he lacks sufficient financial resources from which to pay the full filing fee in advance, Plaintiff's application (Doc. No. 2) will be granted. Plaintiff nonetheless remains responsible for paying the full filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff will therefore be assessed the full $350.00 filing fee, to be paid as directed in the accompanying Order.

## II. Motion to Appoint Counsel

As stated below, this action will be dismissed because Plaintiff's allegations fail to state a claim upon which relief may be granted. Accordingly, Plaintiff's motion to appoint counsel (Doc. No. 4) will be denied as moot.

## III. Initial Review

The Court is required to conduct an initial review and dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1). The Court must construe a *pro se* plaintiff's complaint liberally, United States v. Smotherman, 838 F.3d 736 (6th Cir. 2016) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. See Thomas v. Eby, 481 F.3d 434, 437 (6th Cir. 2007) (citing Denton v. Hernandez, 504 U.S. 25, 33 (1992)).

### A. Factual Allegations

Plaintiff alleges that on June 20, 2017, Jesse Miles—a fellow inmate at the Davidson County Sheriff's Office ("DCSO")—punched Plaintiff in his left eye and otherwise physically attacked him during recreation time. (Doc. No. 1 at 5.) Plaintiff and Miles were subsequently designated "incompatible" to prevent further confrontation. (Id.) After the attack, Miles threatened to harm Plaintiff "every time" they crossed paths. (Id.) DCSO correctional officers heard Miles's threats. (Id.) On December 20, 2017, Miles "severely attacked" Plaintiff in the segregation unit while Plaintiff had restraints on his feet, belly, and wrists. (Id.)

## B.    Standard of Review

To determine whether a prisoner's complaint "fails to state a claim on which relief may be granted" under 28 U.S.C. §§ 1915A and 1915(e)(2)(B), the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009)). An assumption of truth does not, however, extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson, 551 U.S. at 94 (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

## C.    Discussion

"To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." Dominguez v. Corr. Med. Servs., 555 F.3d 543, 549 (6th Cir. 2009) (quoting Sigley v. City of Parma Heights, 437 F.3d 527, 533 (6th Cir. 2006)).

Here, Plaintiff names the Davidson County Sheriff's Office as a defendant. The DCSO is a prison facility, "not a 'person' or legal entity subject to suit under 42 U.S.C. § 1983." McIntosh v. Cap Brighton, No. 14–CV–11327, 2014 WL 1584173, at *2 (E.D. Mich. Apr. 21, 2014) (collecting cases establishing that prison facilities are improper defendants under § 1983).

Although the Court may liberally construe Plaintiff's reference to the Davidson County Sheriff's Office as an attempt to name Davidson County as a defendant, doing so would be futile. For Davidson County to be liable under § 1983, Plaintiff must show that the county's "municipal policy or custom directly caused" the alleged deprivation of his constitutional rights. Hadrick v. City of Detroit, Mich., 876 F.3d 238, 243 (6th Cir. 2017) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-92 (1978)). Plaintiff makes no such allegation. Accordingly, the Davidson County Sheriff's Office will be dismissed.

Plaintiff also names Ruby Joyner and Beth Gentry as defendants, but does not mention them in the body of the complaint. Even under the liberal construction afforded to *pro se* plaintiffs, the Court "is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions," and a plaintiff "must allege that the defendants were personally involved in the alleged deprivation of federal rights." Frazier v. Michigan, 41 F. App'x 762, 764 (6th Cir. 2002) (citations omitted) (affirming dismissal of a *pro se* prisoner's complaint for failure to state a claim where the plaintiff "failed to allege with any degree of specificity which of the named defendants were personally involved in or responsible for each of the alleged violations of his federal rights"). Among the items attached to the complaint, however, are grievance responses completed by Joyner and Gentry in the wake of Miles's second attack on Plaintiff. (Doc. No. 1 at 22, 24.) To the extent that Plaintiff is unsatisfied with these responses, merely denying administrative grievances does not give rise to liability under § 1983. See Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999). Plaintiff does not allege any specific conduct by Joyner and Gentry—much less allege that they "directly participated, encouraged, authorized or acquiesced in" any unconstitutional conduct. Id. Accordingly, Plaintiff has failed to state a claim against these defendants.

**IV.  Conclusion**

For these reasons, Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) will be granted, Plaintiff's motion to appoint counsel (Doc. No. 4) will be denied as moot, and this action will be dismissed because Plaintiff's allegations fail to state a claim upon which relief may be granted against the defendants. 28 U.S.C. §§ 1915A, 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1). Pursuant to 28 U.S.C. § 1915(a)(3), the Court will certify that any appeal in this matter would not be taken in good faith. The Court, therefore, will not grant Plaintiff leave to proceed *in forma pauperis* on any appeal. An appropriate Order is filed herewith.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE